UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY J. DEL FUOCO,

    Plaintiff,

vs.                                                    Case No. 8:09-cv-1262-T-27MAP

ROBERT E. O'NEILL, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Declaration and Affidavit in Support of Recusal (Dkt. 26). Two statutes govern disqualification of federal judges, 28 U.S.C. §§ 144 and 455. Plaintiff's motion and memorandum rely on both statutes. Disqualification is not warranted under either statute.

### 28 U.S.C. § 144

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

### 28 U.S.C. § 455

Section 455 provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify

1

himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
. . .

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

**Standards for Disqualification**

When a litigant files a sufficient affidavit and certificate of good faith pursuant to § 144, recusal is mandatory. *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987). The statute's requirements are strictly enforced, however, to prevent abuse. *United States v. Sykes,* 7 F.3d 1331, 1339 (11th Cir. 1993). The court may not pass on the truthfulness of the factual allegations, "even if it knows them to be false." *Id.* The only inquiry is whether the allegations are legally sufficient to require recusal. *United States v. Serrano*, 607 F.2d 1145, 1150 (11th Cir. 1979).

To constitute legally sufficient allegations, the facts alleged must be (1) stated with particularity, (2) the moving party must show that the facts alleged are material, (3) the movant must demonstrate that if true, the facts are such that a reasonable person would be convinced that bias exists, and (4) the bias must be shown to be personal, rather than judicial in nature. *Id.* Ordinarily, the alleged bias must be shown to stem from an extrajudicial source, a source other than what the judge has learned through participation in the case. *United States v. Sykes,* 7 F.3d at 1339.

For purposes of § 144, Plaintiff's affidavit does not include legally sufficient statements of fact, even accepted as true for purposes of the motion, which demonstrate that a reasonable person

2

would be convinced that the court possess a personal bias against Plaintiff, as opposed to a judicial bias. Nor do the judicial comments Plaintiff complains of demonstrate a pervasive bias and prejudice against him. Finally, Plaintiff's unsupported allegation of a relationship between the court's son and Defendant O'Neill are not particularized beyond Plaintiff's belief and suspicion, and thereby would not cause a reasonable person to be convinced that judicial bias exists.

For purposes of § 455(a), in determining whether disqualification is warranted because the court's impartiality might reasonably be questioned, the Eleventh Circuit's discussion of the application of § 455(a) is instructive:

> A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality. (citation omitted). However, we have held that a "judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." (citation omitted). Likewise, a judge's rulings in a related case may not ordinarily serve as the basis for recusal. *Id.* There is an exception to this general rule when the movant demonstrates pervasive bias and prejudice. *Id.*

*United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993), *cert. denied*, 512 U.S. 1227 (1994).

In sum, Plaintiff's motion and affidavit are not such that "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is]sought would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Any perceived bias is judicial rather than personal, and Plaintiff's proof does not demonstrate pervasive bias and prejudice.

## Discussion

Although Plaintiff's motion and affidavit include various subjective reasons for seeking disqualification, his primary focus and reliance is on judicial commentary in three orders of this court, which he contends demonstrate a personal bias against him (Dkt. 26, pp. 9-13). The first of those rulings, a May 5, 2009 order, granted a motion to strike an affidavit of Plaintiff which had been filed in post conviction proceedings in an unrelated case, *United States v. Thomas Spellissy*, Case No. 8:05-CR-475-T-27TGW. (Dkts. 187, 188). Relevant to the instant motion, that order stated:

> The averments in Del Fuoco's affidavit demonstrate that he has *no personal knowledge concerning this case*. His opinion of Mr. O'Neill's honesty and law-abidingness is *not material to any issue before the court*. His opinions pertaining to Defendants' underlying convictions and the evidence supporting the verdicts *are irrelevant and wholly immaterial to any issue before the Court*. In sum, Del Fuoco's opinions have no probative value and the averments in his affidavit *are not material to any issue before the Court*. Accordingly, his affidavit is properly excluded, as it contains no admissible evidence. *See United States v. Venske,* 296 F.3d 1284, 1290 (11th Cir. 2002), *cert. denied,* 540 U.S. 1011 (2003) (portions of affidavit filed in support of motion for new trial properly excluded if inadmissible under rules of evidence); *Williams v. United States,* 239 Fed. App'x 553, 557 (11th Cir. 2007), *cert. denied,* 128 S.Ct. 2458 (2008) (highly speculative affidavit which includes hearsay and is not based on personal knowledge by one involved in case is wholly insufficient to warrant new trial or evidentiary hearing).
>
> The *filing* of this affidavit was irresponsible, if not reckless. This docket is not an appropriate forum for Mr. Del Fuoco to vent complaints *having nothing to do with Defendants' underlying convictions and the merits of their post trial motion.* Moreover, the filing of this affidavit should not provide a basis for any claim that it has been considered or even accepted by a federal district court. It should not, therefore, remain a part of this record for any purpose. Accordingly, it is ORDERED: 1. The United States' Motion to Strike Affidavit of Jeffrey J. Del Fuoco (Dkt. 187) is GRANTED.

(Dkt. 188) (emphasis added)

Shortly after the order was entered, Spellissy's counsel filed yet another copy of Plaintiff's affidavit, resulting in the second order Plaintiff complains of, a July 23, 2009 order striking the

4

pleading to which Plaintiff's affidavit was appended (Dkt. 195). That order quoted substantially all of the findings in the first order striking Plaintiff's affidavit, and additionally addressed the rationale for striking the affidavit:

> ... In their response to the United States' motion to strike (Dkt. 192), Defendants contend that the Government "is asking the Court to keep Defendants' factually supported criticism of the Government a secret from the public." On the contrary, the concerns of the United States have nothing to do with secrecy. Lodging a personal attack on opposing counsel and the integrity of the United States Attorney's Office through immaterial, impertinent, and scandalous matters *entirely unrelated to the merits of any issue before the Court*, is highly improper.
>
> Defendant's persistent reliance on the Del Fuoco affidavit is, to say the least, troubling. That affidavit "served only as a vehicle for showering opposing counsel with invective." *Thomas v. Tenneco Packaging Co. Inc.*, 293 F.3d at 1311. Such tactics are inappropriate. Instructive is the Supreme Court's discussion of improper attacks on opposing counsel during trial. "Defense counsel, like his adversary, must not be permitted to make unfounded and inflammatory attacks on the opposing advocate." *United States v. Young*, 470 U.S. 1, 9 (1985) ("The kind of advocacy shown by this record has no place in the administration of justice and should neither be permitted nor rewarded; a trial judge should deal promptly with any breach by either counsel.") (emphasis added).

The third order on which Plaintiff relies is an order entered in this case which struck Plaintiff's "Notice" (Dkt. 25). The reasons for striking Plaintiff's "Notice" are detailed in the order, as are the explanations for the court's findings and conclusions. Like the *Spellissy* orders, the court's ruling is supported by citations to case authority, including in this instance Fed. R. Civ. P. 12(f) (district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter.").[1]

---

[1] The order cited the following authority for striking the "Notice": *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (district court has the inherent authority to control the proceedings and the conduct of litigants.); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 n.105 (11th Cir. 2001) (noting that "Fed. R. Civ. P. 12(f) ... is a codification of part of the district court's inherent power to manage pending litigation"); *Dzwonkowski v. Dzwonkowski*, 298 F. Appx. 885, 887 (11th Cir. 2008) ("[T]he district court has broad inherent powers, as well as authority under Federal Rule of Civil Procedure 12(f) to 'order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter.'"); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) ("'Immaterial'

5

Plaintiff's reliance on an order in this case and on the orders in *Spellissy* is misplaced. First, judicial rulings alone, under either statute, "almost never constitute a valid basis for a bias or partiality motion." *Litekyv. United States*, 510 U.S. 540, 555 (1994). An adverse ruling supplies no independent basis for disqualification. *United States v. Merkt*, 794 F.2d 950, 960-61 (5th Cir. 1986). Further, judicial remarks or opinions formed on the basis of events occurring in the course of current or prior proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555. Considered in the context in which these orders were entered, and the italicized explanations and reasons for striking the described pleadings and documents, these rulings do not objectively demonstrate a "pervasive bias" mandating recusal.

A second basis for seeking recusal is Plaintiff's reliance on anonymous blogging published on the internet in response to a January 25, 2010 article in the St. Petersburg Times. (Dkt. 26, pp. 13-16). The test under Section 455(a) is whether an *objective, disinterested, lay observer fully informed of the facts* on which recusal was sought would entertain a significant doubt about the judge's impartiality. *United States v. Chandler*, 996 F.2d at 1104; *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). The relevant inquiry is "[h]ow things might appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). Anonymous blogs do not reflect

---

matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'"); ( "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (*quoting* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994)); *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) (*quoting* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.37[3] at 12-97) (Scandalous matter generally includes "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"); *In re 2TheMart.com Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (scandalous matter includes allegations that cast "a cruelly derogatory light on a party or other person").

a genuine lack of public confidence such that the court's impartiality might reasonably be questioned under § 455.

The third basis for recusal is Plaintiff's averments that the undersigned's son, an attorney with the Department of Justice's Antitrust Division in Atlanta, and Defendant Robert E. O'Neill, are "*apparent* close friends and associates, and in fact served as co-counsel together in the case of *United States v. Luis Candelario, et al.*, MDFL Case No. 6:07-Cr-2110- ORL-22-DAB." (Dkt. 26, p. 16) (emphasis added). Plaintiff refers to the "*reported* relationship between Mssrs. Whittemore and O'Neill" (Dkt. 26, p. 17) (emphasis added). Plaintiff states: "Given the situation, I fear that this Court may in fact have already given (and may be continuing to give) Defendant Robert E. O'Neill preferential treatment in this case all due in part to the relationship that Mr. O'Neill has with the Court's son." (Dkt. 26, p. 17). Plaintiff complains "[a]t a bare bones minimum, this scenario presents the appearance of impropriety and possibly more . . . ." *Id.*

Under § 144, Plaintiff's allegations do not constitute sufficiently particularized facts which are material to this case. Rather, Plaintiff apparently relies on an understanding of an alleged friendship between the two attorneys from an unknown source, and a professional relationship drawn from pleadings in an Orlando Division prosecution. Plaintiff avers no facts supporting his allegation of a "close" friendship between the two, or how the appearance of both attorneys in a case prosecuted in a different division of the court is material to the instant case. Even accepting these unsupported allegations as true, however, for purposes of § 144, Plaintiff offers no facts beyond his belief and speculation that whatever relationship exists has had or will have any prejudicial impact on Plaintiff. A reasonable person would neither be convinced that bias exists nor question the impartiality of the court based on these unsupported allegations.

The test for mandatory recusal under § 455(a) is an objective one, not whether a "bare bones minimum" of the appearance of impropriety has been shown. Plaintiff's averment of a "reported" relationship does not meet the objective test under § 455(a). Nor does it meet the disqualification standard under § 455(b)(1).

Further, Plaintiff's subjective concerns are simply insufficient from the perspective of a reasonably informed person under either § 144, § 455(a) or § 455 (b)(1). Recusal cannot be based on "unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999). Likewise, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are generally insufficient. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

**Timeliness**

A § 144 affidavit is not timely unless filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Sykes*, 7 F.3d at 1339 (quoting *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir. 1990)). A § 455(b) motion must be filed within a reasonable time after the grounds for the motion are ascertained. *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997). This requirement ostensibly prevents a party from "waiting until an adverse decision has been handed down before moving to disqualify the judge." *Id.*

Notwithstanding that the two orders in *Spellissy* were entered months before the undersigned was randomly assigned to preside over this case, the instant motion was not filed until after the order

striking Plaintiff's "Notice" was entered.[2] That order scheduled a hearing on Defendant's Motion for Sanctions and directed Plaintiff to appear and show cause why he should not be sanctioned for "(1) repeatedly including immaterial and scandalous allegations in his pleadings, and (2) misrepresenting his status as a witness in *United States v. Thomas Spellissy, et al.*, No. 8:05-cr-475-T-27TGW (M.D. Fla. May 5, 2009)." (Dkt. 25, p. 8). Plaintiff waited until after receiving this adverse ruling striking his "Notice" before moving to disqualify. Plaintiff's motion to disqualify is accordingly untimely. Even if timely, for the reasons discussed, the motion should be denied.

**No certificate of good faith of counsel that motion filed in good faith**

Section § 144 expressly requires that a litigant's affidavit in support of disqualification "*shall be accompanied by a certificate of counsel of record stating that it is made in good faith.*" (emphasis added). In his motion, Plaintiff seemingly acknowledges this requirement, as he certifies: "I hereby certify that I am both counsel of record and Plaintiff *pro se* in this case and that this Affidavit is made in good faith." Notwithstanding, Plaintiff's certification does not meet the requirement of § 144, notwithstanding that he is an attorney and proceeding *pro se.*

The requirement of an attorney of record's certification of good faith implicitly guards against abusive tactics, considering the mandatory nature of recusal under § 144. *See Culyer v. Allstate Ins. Co.*, No. 1:09-CV-0498-RWS, 2009 WL 2884140, *2 (N.D. Ga. Sept. 2, 2009). The absence of such a certificate has rendered *pro se* disqualification motions deficient. *Id.* Notwithstanding, the court is inclined to accept Plaintiff's certification. Plaintiff has appeared before

---

[2] Plaintiff does not say when he learned that his *Spellissy* affidavit had been stricken, ("At some point I learned that this Court struck my affidavit . . ."). The instant case was filed in July, 2009. The *Spellissy* orders were entered in May and July, 2009. Plaintiff filed an amended complaint and his stricken "Notice" in November, 2009 (Dkts. 12, 14). One can infer from Plaintiff's averments that he was aware of the *Spellissy* orders before he filed his "Notice."

the undersigned as an Assistant United States Attorney, and is presumably licensed to practice law. He is bound by the Rules of Professional Responsibility and ethics. His certification of good faith is therefore accepted in that spirit.

For the foregoing reasons, Plaintiff's motion for recusal (Dkt. 26) is **DENIED**.

**DONE AND ORDERED** in chambers this 9th day of February, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Plaintiff
Counsel of Record