UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY J. DEL FUOCO,

Plaintiff,

vs.

Case No. 8:09-cv-1262-T-27MAP

ROBERT E. O'NEILL, et al.

Defendants.
_____/

## ORDER IMPOSING SANCTIONS

Pursuant to this court's order of January 25, 2010 (Dkt. 25), a hearing was conducted on Defendant O'Neill's Motion for Sanctions (Dkt. 16).[1] Plaintiff maintained that he committed "misfeasance" rather than "malfeasance" with respect to the transgressions for which the show cause order was entered. With respect to his stricken "Notice," Plaintiff acknowledged that the Federal Rules of Civil Procedure did not authorize the filing of the "Notice." Notwithstanding, he maintained that he was proceeding in good faith and only wanted to bring information which he believed supported his claims and contentions to the court's attention.

Plaintiff is a former Assistant United States Attorney in the Middle District of Florida and licensed to practice in Pennsylvania, New Jersey and the District of Columbia. Accordingly, he is charged with and presumptively aware of the Federal Rules of Civil Procedure. Plaintiff acknowledged that as an officer of the court he is responsible for following the rules of civil procedure and complying with court orders. In short, as a licensed attorney, he knew or should have known that his "Notice" was not an authorized pleading under the rules, and knew or should have

---

[1] The court's January 25, 2010 order granted Defendant's motion in part, striking Plaintiff's "Notice." (Dkt. 25, p. 8).

1

known that it was improper for him to present scandalous, immaterial and impertinent accusations against Defendants, non-parties and the United States Attorney's Office in his "Notice."[2]

Moreover, Plaintiff has engaged in a pattern of including these scandalous, immaterial and impertinent matters in pleadings filed before this court. After he was directed to respond to Defendant's motion to strike and show cause why he should not be sanctioned (Dkt. 19), Plaintiff requested leave to file documents which elaborated on his accusations under seal or alternatively in the public record. (Dkt. 21). After that request was denied, Plaintiff included substantially the same scandalous accusations in his motion and affidavit of recusal. (Dkt. 26).

The court finds that Plaintiff, by including scandalous, immaterial and impertinent accusations of wrongdoing against parties and non-parties in his filings, has conducted himself in bad faith in this litigation, warranting sanctions.[3] With respect to Plaintiff's misrepresentation of his status as a witness in the *Spellissy* post conviction proceedings, while Plaintiff knew that this was an inaccurate characterization of his role in that case, his misrepresentation was misguided, rather than in bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (prerequisite for sanctions imposed pursuant to court's inherent authority is finding that litigant acted in bad faith, vexatiously, wantonly, or for oppressive reasons).

With respect to the appropriate sanction, Defendant urges the most severe sanction, dismissal with prejudice. Defendant urges in the alternative a dismissal without prejudice, a fine, and a stay pending payment of the sanction.

Plaintiff's conduct is dangerously close to warranting the most severe sanction, considering

---

[2] The scandalous, immaterial and impertinent nature of those allegations is discussed in the January 25, 2010 order. (Dkt. 25, p. 2, n.1; p. 6-7).

[3] The court's findings and conclusions announced at the conclusion of the hearing are incorporated herein.

that he is an attorney and officer of the court and that his conduct may have caused immeasurable intangible harm to the reputations of the individuals he alluded to and named in his filings. Notwithstanding, a less severe sanction is available, which should have the intended deterrent effect, and which will remind Plaintiff of the court's inherent authority to impose the most severe sanction if his conduct is repeated.

Upon consideration, it is **ORDERED**:

1. As a sanction, the Amended Complaint (Dkt. 12) is dismissed without prejudice.

2. Plaintiff is granted leave to file a second amended complaint within 30 days, with or without counsel,[4] in accordance with Fed. R. Civ. P. 8(a) and the standards discussed in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and without including the scandalous, immaterial and impertinent accusations referenced in the order striking his "Notice." Defendants shall respond to the second amended complaint within 30 days from its filing.

3. Defendants' Motion to Strike (Dkt. 15) and Motion to Dismiss (Dkt. 27) are denied as moot. To the extent Defendant requests that statements in Plaintiff's affidavit and motion to recuse be stricken (Dkt. 29), the request is denied.

**DONE AND ORDERED** in chambers this 11th day of February, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Plaintiff; Counsel of Record

---

[4] Plaintiff represented that he is in the process of engaging an attorney to represent him in this action.