UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY J. DEL FUOCO,

           Plaintiff,

vs.                                            Case No. 8:09-CV-1262-T-27MAP

ROBERT E. O'NEILL; et al.,

           Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Second Amended Complaint With Prejudice as a Sanction. (Dkt. 41). Upon consideration, the motion is GRANTED.

By separate order, Plaintiff's Second Amended Complaint has been dismissed in its entirety for failing to state plausible claims for relief. Notwithstanding, because Plaintiff continues to plead impertinent, immaterial, and scandalous matters after having been sanctioned for the same conduct, it is necessary to impose the most severe sanction, dismissal with prejudice.

Plaintiff is a former Assistant United States Attorney licensed to practice law in Pennsylvania, New Jersey and the District of Columbia. As such, he certainly understands that willful disregard of a court order will have consequences. Notwithstanding having been sanctioned by this Court for pleading immaterial, impertinent and scandalous matters in his First Amended Complaint and other pleadings, Plaintiff continues to do so. (Dkts. 31, 33).

> In the order imposing sanctions, Plaintiff was found to have conducted himself in bad faith:
>
> The court finds that Plaintiff, by including scandalous, immaterial and impertinent accusations of wrongdoing against parties and non-parties in his filings, has conducted himself in bad faith in this litigation, warranting sanctions.

1

(Dkt. 33, p. 2).

Plaintiff's First Amended Complaint was dismissed without prejudice, a lesser sanction than what was sought by Defendants, consistent with the exercise of "restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44. An examination of Plaintiff's most recent pleadings demonstrates, however, that he continues to conduct himself in bad faith, casting unnecessary and scandalous aspersions on parties and non-parties, without regard to the order imposing sanctions.

In his Second Amended Complaint, Plaintiff purports to bring claims of defamation *per se*, Privacy Act violations, and civil contempt. (Dkt. 37). However, in his factual allegations, Plaintiff accuses Defendant O'Neill, then an Assistant United States Attorney and currently the United States Attorney, Middle District of Florida, of (1) perjury (Dkt. 37, ¶¶ 5, 22), (2) retaliating against Plaintiff for his "lawful, fully authorized reports to proper authority" of O'Neill's "misconduct while wrongfully administering the affairs of the United States Attorney . . ." (*id.* ¶ 7), (3) "misconduct" (*id.* ¶ 10), (4) issuing "threats of bodily harm" against Plaintiff (*id.* ¶¶ 20, 21), (5) having an "apparent connection" to illegal fundraising in violation of the United States Criminal Code (*id.* ¶ 21), and (6) uttering "terroristic threats of bodily injury to Plaintiff." (*id.* ¶ 22). Additionally, in his response to Defendants' Motion to Dismiss, he implies that O'Neill violated 18 U.S.C. § 1001 (crime of false statement) in his application to be appointed U.S. Attorney. (Dkt. 44, p. 9 n.8).

In the Second Amended Complaint, Plaintiff accused a non-party (Rita M. Sampson) of releasing Rule 6(e) grand jury information (Dkt. 37, ¶¶ 15, 17, 19, 31). In his response to Defendants' Motion to Dismiss, Plaintiff not only accuses Sampson of releasing grand jury

information but also of having violated the "Privacy Act rights of numerous other DOJ employees." (Dkt. 44, pp. 5 n.3, 14-17). Moreover, Plaintiff writes that he understands Sampson was "terminated" and implies that her termination was because of additional Privacy Act violations. *Id.* at 14. He insinuates the destruction of evidence of what he characterizes as Sampson's "gross violations," *id.* at 15, describing her as having "blatantly violated one of the most serious rules of secrecy in our jurisprudence, Federal Rule of Criminal Procedure 6(e)," *id.* at 16. He reports that "Plaintiff has already received correspondence from the Virginia State Bar Counsel, who indicated that Sampson's violation sounded 'criminal' and recommended that Plaintiff report Sampson to the Department of Justice OPR." *Id.* at 17 n.11.

Two additional non-parties, Engberg and Fitzgibbons, are likewise the subject of Plaintiff's impertinent allegations. Plaintiff accuses the Florida Federal Judicial Nominating Commission and Fitzgibbons, its chairman, of partiality and having a conflict of interest. (Dkt. 37, ¶¶ 32-33). Plaintiff repeats these accusations in his response to Defendants' Motion to Dismiss. (Dkt. 44, pp. 12-13). Finally, under the heading, "Conflict of Interest and Improper, Unauthorized Representation," Plaintiff devotes the first three pages of his response to insinuating that O'Neill's representation by the DOJ is improper, a subject having nothing to do with the motion to dismiss (Dkt. 44, pp. 1-3).

None of Plaintiff's allegations, accusations, or commentary are material to any of the purported causes of action in the Second Amended Complaint. Notwithstanding this court's prior admonishment to Plaintiff for injecting impertinent, scandalous and immaterial matters into this litigation, he continues to follow the same pattern of misconduct. Plaintiff has been expressly warned not to repeat this conduct:

> Plaintiff's conduct is dangerously close to warranting the most severe sanction, considering that he is an attorney and officer of the court and that his conduct may have caused immeasurable intangible harm to the reputations of the individuals he alluded to and named in his filings. Notwithstanding, a less severe sanction is available, which should have the intended deterrent effect, and which will remind Plaintiff of the court's inherent authority to impose the most severe sanction if his conduct is repeated.

(Dkt. 33, pp. 2-3).

Rather than heed the Court's admonishment, Plaintiff continues his bad faith litigation tactics. Essentially, rather than prosecuting his claims in good faith, and with knowledge that his conduct was considered by the court as being "dangerously close to warranting the most severe sanction," Plaintiff utilizes this forum to publicly vent his personal animus toward individuals he apparently perceives to have wronged him in some way. His pleadings and rhetoric demonstrate an apparent preoccupation with the circumstances leading to his resignation from the DOJ and the individuals involved. None of that has any materiality to the claims in the Second Amended Complaint.

A district court has the inherent authority to impose sanctions when a litigant has conducted himself in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers,* 501 U.S. at 45-46; *Byrne v. Nezhat,* 261 F.3d 1075, 1121 (11th Cir. 2001). Defendants urge that this case be dismissed with prejudice as a sanction for Plaintiff's conduct, a sanction available to the Court in its discretion. *Chambers,* 501 U.S. at 45. Although severe, the sanction of dismissal is warranted when a litigant has demonstrated "continual and flagrant abuse of the judicial process." *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1336 (11th Cir. 2002).

Plaintiff's bad faith has again been demonstrated. *See Chambers,* 501 U.S. 32, 45-46 (prerequisite for sanctions imposed pursuant to court's inherent authority is finding that litigant

acted in bad faith, vexatiously, wantonly, or for oppressive reasons). Judicial intervention is required and sanctions are necessary, consistent with the court's inherent authority to manage and control its docket, including litigants like Plaintiff who abuse the federal judicial process.

Plaintiff has been afforded due process, that is, fair notice that his conduct may warrant sanctions. The order imposing sanctions warned him that he may face the most severe sanction "if his conduct is repeated." Defendants' Motion to Dismiss Second Amended Complaint With Prejudice as a Sanction (Dkt. 41) likewise gave notice to Plaintiff that his conduct may warrant sanctions, including specifically dismissal with prejudice. *See In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Notice can come from the party seeking sanctions, from the court, or from both.").

Plaintiff has had an opportunity to respond to Defendants' motion (Dkt. 44). However, his response, as noted, repeats some of the same rhetoric and impertinent allegations found in the Second Amended Complaint. With respect to sanctions, other than explaining his reference to Engberg and Fitzgibbons as "descriptive of the events and actors who were directly responsible for disseminating Privacy Act protected information . . ," Plaintiff does not address, let alone attempt to justify, the immaterial, impertinent and scandalous allegations in the Second Amended Complaint. Rather, he concludes with this remark: "As has been previously stated in other filings in this case, Mr. O'Neill has only himself to blame for the predicament he now finds himself in." (Dkt. 44, p. 13).

This last comment is telling. Rather than address his own conduct, which as an attorney he should reasonably know could result in sanctions, he resorts to blaming O'Neill. There is no hint of contrition or even acknowledgment that his conduct offends the judicial process. It is apparent that unless the most severe sanction is imposed, Plaintiff will continue to cast aspersions and inject

immaterial, impertinent and scandalous matter into this litigation. Lesser sanctions have proven to be ineffective in curbing Plaintiff's abuses.[1]

Upon consideration, it is **ORDERED** that as a sanction for Plaintiff's willful disregard of this Court's prior order, and his bad faith in prosecuting this action, the Second Amended Complaint (Dkt. 37) is dismissed with prejudice.

**DONE AND ORDERED** in chambers this 11th day of February, 2011.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Plaintiff
Counsel of Record

---

[1] During the February 10, 2010 hearing on sanctions, Plaintiff, apparently (and correctly) perceived that a more serious sanction was being considered by the Court, and that representation by counsel would mitigate in his favor. He represented that he was in the process of engaging an attorney to represent him. Unfortunately, that did not happen.